HAVEN (UNITED STATES v.). See Case No. 16,788.

HAVEN (UNITED STATES & FOREIGN SALAMANDER FELTING CO. v.). See Case No. 16,788.

## Case No. 6,230.

### In re HAVENS.

[8 Ben. 309.][1]

District Court, E. D. New York. Dec., 1875.

BANKRUPTCY—REPAYMENT BY ASSIGNEE— MONEY WRONGFULLY COLLECTED BY INSOLVENT BANK —INTEREST—COSTS OF SUIT AGAINST ASSIGNEE.

On August 1, 1870, H. deposited with the Central Bank of Brooklyn for collection a check for $3,125. By the rules of the bank, he was not allowed to draw against it until the bank had received notice of its collection. The bank was, at the time, insolvent; and, before the check was paid, it was enjoined, by the order of a court of the state of New York, from collecting, receiving, or paying moneys, and a receiver was appointed. The check was afterwards collected, and the proceeds placed among the moneys of the Central Bank, and, on the appointment of an assignee in bankruptcy proceedings which were afterwards taken, they passed with those moneys into the hands of such assignee. H. commenced a suit in a state court against the assignee, and obtained a judgment for the amount of the check with interest and costs. He afterwards presented a petition to the bank-

---

[3] See Parr v. Anderson, 6 East, 202. Lord Ellenborough's remarks at the trial at nisi prius.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

ruptcy court for an order that the same be paid to him by the assignee, and proved the facts above stated. *Held*, that the check never became the property of the Central Bank, and that H. was entitled to the proceeds of it, and that the court would grant the order that the assignee pay him that amount, but would not order the payment of the costs in the suit in the state court, nor of interest on the amount of the check, the loss of which was the result of his misfortune in having his property mingled with the funds of the insolvent bank, and of his delay in applying to the bankruptcy court for relief.

[This was a petition by Joseph H. Havens, the depositor of a check for collection with the Central Bank of Brooklyn, for leave to withdraw from the assets of the bank the amount of the check collected by the bank after insolvency. A similar petition presented at a former term was denied for insufficiency of proofs. See Case No. 2,549.]

E. F. Sanderson and John H. Bergen, for petitioner.

BENEDICT, District Judge. This is a petition addressed to this court, requesting that the petitioner be allowed to withdraw from the funds in this court, as assets of the Central Bank of Brooklyn, the sum of $4,282.85. The petition is supported by evidence taken on order of this court, on due notice to all interested, and the facts are not disputed.

It appears that on the first day of August, 1870, the petitioner had on deposit in the Central Bank the sum of $977.84. On that day he deposited in the bank a check for $3,125, dated August first, and drawn by George H. Lamb on the Fulton Bank of the City of New York. This check, when deposited by the petitioner, was endorsed by him for collection, and it was deposited in pursuance of a rule by which he was not permitted to draw against it until the bank had received notice that it had been paid. The Central Bank, when it received the check, was, in fact, insolvent, and, on the next day, and before the check in question had been paid, was enjoined by the supreme court of the state from exercising any of its corporate rights and from collecting or receiving or paying moneys; and a receiver was thereupon appointed. The order of the supreme court was received at the bank between 12 and 1 o'clock of August second, and the bank then closed its doors about 2 o'clock of the same day. The check in question was collected of the Fulton Bank, and the proceeds were then placed among the moneys of the Central Bank. These moneys were subsequently transferred to this court by virtue of proceedings in bankruptcy taken against the Central Bank.

Upon this state of facts I am of the opinion that the petitioner is entitled to receive at the hands of this court the amount realized from this check, deposited in the manner stated. The circumstance that property which belonged to a third party, had become subject to the control of this court by reason of the fact that it was in the possession of the bankrupt, and therefore passed into the possession of the assignee in bankruptcy, presents no obstacle to the actual owner who desires to regain possession of his property. Nor does the fact, that in this case the money realized from the check in question has been mingled with other moneys, make any difference, inasmuch as an equal amount can be given him without injury to the right of any one.

The facts here proved show that this is not the case of an ordinary depositor in an insolvent bank. The petitioner, upon depositing the check as he did, did not become a creditor of the bank for the amount of the check deposited. By the agreement, he was not to have credit for it until it was collected; and it was not collected until after the bank had closed its doors and had been enjoined from collecting any moneys. There can be no doubt that had the petitioner demanded the check of the bank at any time before the appointment of the receiver, he would have been entitled to its return, for he had a balance in the bank undrawn. He had not drawn against this check, and by the agreement was not entitled to draw against it.

The case, therefore, is taken out of what is undoubtedly the general rule, in respect to deposits made in banks which prove to have been at the time insolvent. If, by the deposit of the check, the relation of debtor and creditor for the amount had been created and the bank had acquired a right in the check, or its proceeds, the case would be different; and the petitioner would be compelled to prove his claim as a creditor and take his dividends with the other creditors. But here, if the amount of this check be retained by the court and distributed among the general creditors of the court, money not owned by the bank will be distributed to the creditors, and these creditors will receive so much more than the assets of the bank, at the time it stopped. The petitioner's right to the money appears to be clear, and I have no hesitation in directing that he be paid the amount of the check in question. But he claims also interest. To this I cannot accede. It would be unjust to the creditors of the bank out of the amount distributable among them, to pay interest on a sum of money received as this was. Any loss of interest arises from the misfortune of the petitioner, in that his money was mingled with the assets of an insolvent bank, and from his delay in taking steps to regain it. The petitioner also asks to be allowed the further sum of $275.68, being the cost of an action which, it appears, he instituted in the supreme court of the state to compel the payment of the same demand. The necessity or advantage of such a judgment, wholly ineffectual as it must be to control the action of this court, or to affect the liberty of its officers, is not apparent; nor is it seen how the creditors of the

Central Bank can be charged with the costs of obtaining the same. The demand, so far as interest and costs are concerned, is therefore disallowed, and the order of this court will be, that upon the petition and proofs, the amount of the check in the petition mentioned, to-wit, the sum of $3,125, may be paid to the petitioner, on his order of record herein, out of the moneys in court as assets of the Central Bank of Brooklyn.